UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANDREW CHANG, et al.,                :
                    Plaintiffs,      :     17 Civ. 8816 (LTS)(HBP)
       -against-                     :     OPINION
                                           AND ORDER
PHILIPS BRYANT PARK LLC, d/b/a       :
"Bryant Park Hotel," et al.,         :
                    Defendants.      :
                                     :
------------------------------------X

PITMAN, United States Magistrate Judge:

By Notice of Motion dated January 10, 2019 (Docket Item ("D.I.") 53), plaintiffs move for an Order conditionally certifying the settlement class and collective action, granting preliminary approval of the proposed class action settlement and plan of allocation, directing dissemination of a notice and related materials to the class and setting dates for a fairness hearing and related matters. For the reasons stated below, the motion is denied without prejudice to renewal.

Although the burden for preliminary approval of a class action settlement is not onerous, Lizondro-Garcia v. Kefi, LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (collecting cases), the submissions currently before me are insufficient for me to make even a preliminary determination of the fairness of the proposed settlement. The only factual material submitted concerning the

nature of plaintiffs' claims and the discovery that preceded the parties' settlement agreement is the following:

> 8. Plaintiffs and Class members allege that Defendants failed to pay (1) overtime premium, (2) wages due to time shaving, (3) tips earned at private events that were illegally retained by Defendants, (4) portions of tips earned on room service illegally deducted and retained by Defendants, and also that Plaintiffs are owed (5) liquidated damages and (6) attorneys' fees and costs.
>
> **Investigation and Discovery**
>
> 9. Before filing the Complaint, Plaintiffs' Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.
>
> 10. [Plaintiffs' Counsel] had in-depth interviews with the named Plaintiffs. [Plainitffs' Counsel] also obtained documents and data from the named Plaintiffs that helped evaluate the risks of the case.
>
> 11. Discovery in this case has consisted of reviewing and analyzing documentation produced by Defendants, including thousands of pages of payroll and time records, as well as class-wide data containing, among other things, potential class member employment dates, job titles, and pay rates. Such documents were analyzed to calculate the damages owed to the named Plaintiffs and the Class Members.

(Declaration of C.K. Lee, Esq., dated Jan. 10, 2019 (D.I. 55)). In addition, the parties' submission discloses that the total amount of the proposed settlement is $975,000.00. It appears that after deducting the claimed attorneys' fees and costs, approximately $600,000.00 will be left to be distributed among the approximately 367 class members. The proposed settlement

provides that the net settlement will be divided among the class members in proportion to the number of weeks they worked for defendants.

The submissions tell me nothing about the strengths and weaknesses of plaintiffs' claims and nothing about the strengths and weaknesses of defendants' defenses. They tell me nothing about the content of the documents reviewed by plaintiffs' counsel. They tell me nothing about the aggregate value of plaintiffs' claims, nor do they explain why the estimated $600,000 net settlement represents a reasonable recovery. In short, other than plaintiffs' counsel's conclusory statement that the proposed settlement represents a reasonable compromise, I have no basis on which to assess the proposed settlement's fairness.

Accordingly, within thirty (30) days of the date of this Order, the parties are to submit a revised application for the relief sought in the present motion. The revised application must contain sufficient information to permit an informed assessment of the fairness of the proposed settlement. The Clerk of

the Court is respectfully requested to mark Docket Item 53 closed.

Dated: New York, New York
September 5, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel