# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:     212-465-1188
                     cklee@leelitigation.com

October 3, 2019

**Via ECF**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

> Re:   *Chang, et al. v. Philips Bryant Park, LLC, et al.*
>        Case No. 17 CV 8816 (LTS) (SLC)

Dear Judge Cave:

We represent Plaintiffs in the above-referenced action.

This letter encloses a sworn affidavit of the undersigned, which is respectfully submitted in response to and to address concerns set forth in Judge Pitman's September 5, 2019 Order (Dkt. No. 60), and, further, to renew Plaintiffs' unopposed motion for preliminary class settlement approval.

We respectfully request leave to submit the exhibits to said affidavit to the Court under seal, as permitted under the Court's Individual Rule B.3. To avoid potential disputes regarding which portions of the exhibits are confidential, we are not e-filing redacted versions of the exhibits absent judicial authorization; however, unredacted versions have already been provided to Defendants, and are being provided to Chambers via email.

We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc:     All counsel via ECF

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

ANDREW CHANG and RYAN SANTOS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

          Plaintiffs,

       –against–

PHILIPS BRYANT PARK, LLC
d/b/a BRYANT PARK HOTEL, *et al.,*

          Defendants.

17 CV 8816 (LTS) (HBP)

---

**SUPPLEMENTARY DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY CLASS SETTLEMENT
APPROVAL**

I, C.K. Lee, declare as follows:

     1.      I am the sole member of the law firm Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiffs' counsel herein. I make this declaration based on my personal knowledge.

     2.      I respectfully submit this declaration in response to, and to address concerns raised by the Court's September 5, 2019 Opinion and Order. *See* Dkt. No. 60.

     3.      In advance of the mediation before Carol A. Wittenberg at JAMS on July 30, 2018, Defendants provided all clock-in/clock out records for Plaintiffs and Class Members during the relevant 6-year New York Labor Law limitations period. This production (a sample page of which is annexed herewith at **EXHIBIT A**) exceeded 5,000 pages. Defendants further provided class payroll records (a sample page of which is annexed at **EXHIBIT B**), and samples of wage-and-notices (a sample page of which is annexed at **EXHIBIT C**), wage statements (a sample page of which is annexed as **EXHIBIT D**), as well as customer invoices and sales data for room service and bar food orders.

     4.      The class claims for unpaid regular and overtime wages asserted in this matter are

primarily based on Defendants' policies of requiring work to be performed off-the-clock without compensation. Based on our analysis of the clock-in/clock-out records, it became clear to us that further litigation of such claims would entail substantial risk. The records did not reflect an systematic policy of automatic time deduction that would support Plaintiffs' allegations that they were made to work off-the-clock. In more obvious and less risky cases, the pay records would show rounded hours every day. That is not the case here and time shaving is not clear on the fact of the records. Therefore, this claim would necessarily have to be supported through witness testimony, which Defendants would rebut with their own witness testimony. Plaintiffs have not yet had much success in obtaining corroborating testimony.

5.      We also determined that there would be substantial risk in further litigation of the class claims of unpaid spread-of-hours premium. First, the class clock-in/clock out records showed that "double-shifts" exceeding 10 hours, for which spread-of-hours premium needed to be paid were worked infrequently.

6.      Moreover, the pay records provided for Class Members (a sample page of which is annexed hereto as **EXHIBIT B**) reflected that many Class Members were compensated in excess of the New York state minimum wage. While Plaintiffs' position is that these employees were nonetheless entitled to spread-of-hours premium as food-services industry workers, there was a chance that some of the class would not fall into this category, thus diminishing the aggregate value of this claim.

7.      Similarly, we assessed that continued litigation of class members' Wage Theft Prevention Act ("WTPA") claims would be extremely risky. The wage-and-hour notices and wage statements provided by Defendants omitted some required information but were substantially in compliance with law. While Plaintiffs disagree, Defendants had, at the very least, a colorable argument that the "good-faith" exception applicable to Sections 195.1 and 195.3 of the WTPA the precluded any monetary penalties based on non-compliance with the WTPA.

8.      In relation to Plaintiffs' tip misappropriation allegations, Defendants provided us with records of their total profits from administrative surcharges on room service delivery orders

and facility fees. These records demonstrated that the maximum value of class-wide claims that Plaintiffs and Class Members were entitled to these fees pursuant to NYLL § 196-d was no more than $384,796.00.

9.     Based on our "best-case scenario" estimates, if Plaintiffs were to achieve class certification and then prevailed on all claims on summary judgment or at trial, the class would recover $1,775,416.30 in back wages.

10.     The $975,000 class action settlement of this matter represents a 54.9% recovery of the total potential back wages owed to Class Members. In view of the risks of prolonged litigation described above, we respectfully submit that the settlement reached following the mediation with Carol A. Wittenberg was, at the very least, a "reasonable compromise" of class claims.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

September 27,  2019

<div style="margin-left:40%">

LEE LITIGATION GROUP, PLLC

By:     */s/ C.K. Lee*  _____

C.K. Lee, Esq. (CL 4086)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

</div>