```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
ANDREW    CHANG    and    RYAN    )
SANTOS, on behalf of themselves, FLSA    )
Collective Plaintiffs and the Class,       )
                                           )
                    Plaintiffs,            )    17-CV-8816-LTS-SLC
                                           )
            v.                             )    ECF Case
                                           )
PHILIPS BRYANT PARK LLC d/b/a              )
BRYANT PARK HOTEL, PHIL COLUMBO            )
and MICHAEL STRAUSS,                       )
                                           )
                    Defendants.            )
                                           )
-------------------------------------------------------- x
```

**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (3) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (4) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (5) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

The Court has reviewed Magistrate Judge Cave's October 23, 2019, Report and Recommendation (the "Report") (docket entry no. 67), which recommends that (i) the Court grant Plaintiffs' motion for preliminary approval of the proposed class action settlement and plan of allocation (docket entry no. 53); (ii) the proposed class, which is defined as "Named plaintiffs and up to 367 current and former hourly, non-exempt employees employed by Defendants from November 13, 2011 to July 30, 2018," be conditionally certified as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and conditionally approved as a collective action under Section 216(b) of the Fair Labor Standards Act; (iii) the Court appoint (a) Andrew Chang and Ryan Santos as class representatives, (b) C.K. Lee of Lee Litigation Group PLLC as class counsel, and (c) Rust Consulting as claims administrator; (iv) the Court (a) approve the proposed notice to the class subject to the revisions described in Section IV.F. of the

Report and Recommendation and (b) direct the parties to distribute the notice according to the procedures set forth in the parties' Settlement Agreement (Exhibit A to the Declaration of C.K. Lee filed in support of Plaintiffs' Motion for Preliminary Approval (docket entry no. 55-1), and; (v) the Court set a date for a fairness hearing and corresponding deadlines. No objections to the Report have been received.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C.A. § 636(b)(1)(C) (LexisNexis 2017). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Johnson v. New York University School of Education, No. 00 Civ. 8117, at *1, 2003 WL 21433443 (S.D.N.Y. June 16, 2003).

The Court has reviewed carefully Magistrate Judge Cave's thorough and well-reasoned Report and Recommendation and finds no clear error. Further, Plaintiff has submitted an amended class notice that reflects the changes directed by Judge Cave in her Report, and by the Court's November 25, 2019, Order (docket entry no. 68). The Court therefore adopts the Report in its entirety for the reasons stated therein. The Court further addresses the motion as follows.

After participating in a private mediation session, and despite their adversarial positions in this matter, Plaintiffs Andrew Chang and Ryan Santos (collectively, "Plaintiffs") and Defendants Philips Bryant Park LLC d/b/a Bryant Park Hotel, Phil Columbo and Michael Strauss (collectively "Defendants") (with Plaintiffs, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Settlement Agreement and Release ("Settlement Agreement").

On January 10, 2019, Plaintiffs filed a Notice Of Motion For Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material To The Class, and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In their Motion, Plaintiffs requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23 and a co-extensive collective action under Section 16(b) of the Fair Labor Standards Act. Plaintiffs also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," Exhibit B to the Declaration of C.K. Lee) and a proposed change of address form (Exhibit C to the Declaration of C.K. Lee). On January 7, 2020, Plaintiff filed an amended Notice of Proposed Class Action Settlement ("Amended Class Notice," docket entry no. 69, ex. 1), which reflects changes directed by Judge Cave in her Report, and by the Court's November 25, 2019, Order (docket entry no. 68). Having reviewed the Settlement Agreement, the Motion and the Amended Class Notice, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

I.  **Background**

Plaintiffs in this lawsuit were employed by Defendants as non-exempt, hourly employees. Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs claim, *inter alia*, that Defendants failed to pay (1) overtime premium, (2) unpaid wages due to time shaving, (3) tips earned at private catering events that were illegally retained by Defendants, (4) portions of tips earned on room service orders illegally deducted and retained by Defendants, (5) liquidated damages and (6) attorneys' fees and costs. Plaintiffs, for

themselves and others they claim are similarly situated, sought to recover, *inter alia*, unpaid wages, liquidated damages, penalties, injunctive relief and attorneys' fees and costs. Defendants have disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit, and Defendants deny any liability for any of the claims that have or could have been alleged by Plaintiffs or the persons that they seek to represent.

## II. Definition of the Settlement Class

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> Named plaintiffs and up to 367 current and former hourly, non-exempt employees employed by Defendants from November 13, 2011 to July 30, 2018.

## III. Designation of the Class as an FLSA Collective Action

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair. Accordingly, the Court conditionally certifies the Class as an FLSA collective action. The Court authorizes the Amended Class Notice to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.

Members of the Class who sign, negotiate, endorse, deposit or cash their Settlement Checks in this matter will acknowledge the following: "By my endorsement of this check, I opt in to the lawsuit S.D.N.Y. 17-cv-8816, for settlement purposes only, and release all of my claims as described in the class settlement agreement." All Settlement Checks shall be deemed filed

with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes or negotiates such his or her Settlement Checks.

IV. **Rule 23 Certification of the Class**

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream Corp.*, No. 1:16-CV-00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same). In examining potential conditional certification of the settlement class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendants' conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the

Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.

This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that their class is sufficiently numerous, that there are common issues across the class, that the Plaintiffs' claims are typical of the class, and that the Plaintiffs and their attorneys would be effective Class Representatives and Class counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the Court certifies this class for the purposes of settlement, notice and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class and collective certification granted above shall be dissolved immediately upon notice to the Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

**V.      Appointment of Class Representative and Class Counsel, Appointment of Claims Administrator**

Plaintiffs Andrew Chang and Ryan Santos are appointed as class representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

Rust Consulting is appointed as Claims Administrator.

**VI.     Disposition of Settlement Class If Settlement Agreement Does Not Become Effective**

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the class certified for purposes of settlement shall be decertified, and Defendant will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs.

**VII.    Preliminary Approval of the Terms of the Settlement Agreement, Including the Proposed Plan of Allocation**

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers.  Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of C.K. Lee in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arms length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class's case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation.

**VIII. <u>Approval of the Form and Manner of Distributing Amended Class Notice and Opt-Out Statement</u>**

Plaintiffs have also submitted for this Court's approval a proposed Amended Class Notice and change of address form. The Court now considers each of these documents in turn.

The proposed Amended Class Notice and change of address form appear to be the best notice practicable under the circumstances and appear to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Amended Class Notice and change of address form appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

The Amended Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for

attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Amended Class Notice and change of address form, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3. Within 14 calendar days of the date of entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4. Within 30 calendar days of the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Amended Class Notice, along with the change of address form, using each Class Member's last known address as recorded in Defendants' payroll system. The Claims

Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Amended Class Notice. The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and as well as any such mail returned as undeliverable after the subsequent mailing.

      5.  The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX. Procedures for Final Approval of the Settlement

### A. Fairness Hearing

The Court hereby schedules, for **Thursday, May 21, 2020, at 2:30 p.m.** in Courtroom 17C, a hearing to determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Plaintiffs.

### B. Deadline to Request Exclusion from the Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement") provided with the Amended Class Notice. To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Notice, which will be 45 calendar days after the Claims Administrator makes the initial mailing of the notice.

### C. Deadline for Filing Objections to Settlement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Notice, which shall be 45 calendar days after the initial mailing by the Claims Administrator of such Notice.

### D. Deadline for Filing Motion for Judgment and Final Approval; Motion for Award of Fees and Expenses

No later than 21 days before the Fairness Hearing, Plaintiffs and Defendants must file a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement. The Motion must include (i) a list of the Opt-Out Statements received, and (ii) the parties' responses to any objections to the proposed settlement. Any application for an award of attorneys' fees and litigation expenses must be made by motion in accordance with Federal Rules of Civil Procedure 23(h) and 54(d)(2), and must be filed no later than 28 days before the Fairness Hearing. Papers in opposition to such motions must be filed no later than 14 days before the date of the Fairness Hearing, and reply papers must be filed no later than seven (7) days before the Fairness Hearing.

### E. Plaintiffs, Declarant's and Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiffs, and each individual Class Member who does not timely opt out, will release claims, by operation of this Court's entry of the Judgment and Final Approval, as and to the extent described in the Settlement Agreement.

### F. Qualification for Payment

Any Class Member who does not opt out will qualify for payment and will be sent a check containing his or her distribution of the Settlement after final approval of the settlement.

Finally, Plaintiffs are directed to file publicly on the docket Exhibit D to the

Supplementary Declaration of Plaintiffs' Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Class Settlement Approval (docket entry no. 61-1), as they attached only Exhibits A through C to their October 4, 2019, letter to Judge Cave (docket entry no. 64).

This Order resolves docket entry no. 53 and adopts docket entry no. 67.

SO ORDERED.

Dated: New York, New York
January 9, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge