# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW CHANG and RYAN SANTOS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class*,<br><br>                        Plaintiffs,<br>   v.<br><br>PHILIPS BRYANT PARK LLC d/b/a BRYANT PARK HOTEL, PHIL COLUMBO, and MICHAEL STRAUSS,<br><br>                        Defendants. | Case No.: 17-cv-8816 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES, ADMINISTRATION FEES AND REIMBURSEMENT OF EXPENSES AND PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS AND RELEASE PAYMENT**

I, C.K. Lee, declare as follows:

1.     I reaffirm statements made in my supporting declaration as of the date hereof in support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Settlement and Approval of the FLSA Settlement.

2.     I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Northern, Western, Eastern, and Southern Districts of New York. I am a member in good standing of each of these bars.

3. My current hourly rate is $800 per hour when applying for legal fees with courts. In connection with private defense work, my current hourly rate is $1,200 per hour. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel. Since April 2009, a substantial part of my practice has been in prosecuting wage and hour class and collective action cases.

4. The current hourly rates of others within my firm who spent meaningful time litigating this action are: Anne Seelig (billable rate $800 per hour) and Taimur Alamgir (billable rate $550 per hour). Ms. Seelig is a partner at LLG and a 2003 law school graduate, and Mr. Alamgir is a 2015 law school graduate.

5. Based on my experience in class actions over the last eleven years, I have personal knowledge of the hourly rates charged by other attorneys with comparable experience as well as the attorneys within the firm who worked on this matter. Based on that information, I believe these rates are fully consistent with the market rate in New York for attorneys specializing in complex litigation around the country. Thus, I believe the rates charged by LLG for its partner and non-partner attorney time are reasonable and appropriate fees for those with comparable expertise, experience and qualifications.

6. Class Counsel has substantial experience prosecuting large-scale wage and hour class and collective actions, as shown in the attached list in **Exhibit 1**. Class counsel has been approved for a rate of $550 per hour, **however noting, for the avoidance of doubt, that such approved fees were based on a percentage of the fund method with a lodestar cross check.** See *Metodio v. Down & Dirty Tacos Meatpacking LLC, et al.*, Case No. 15 Civ. 8754 (AKH) (July 14, 2017) Transcript at 16:17-17:8 (Judge Hellerstein

specifically approved counsel's rate as reasonable). See also *Andrews v. Blick Art Materials, LLC*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 121007, 2017 WL 3278898, -- F.Supp.3d – (E.D.N.Y. Aug. 1, 2017) in which the Court concluded the negotiated fee is reasonable in light of Plaintiffs' counsel's submitted lodestar ("The parties skillfully litigated the threshold issue in this case about whether the ADA applies to the internet…Plaintiff's counsel demonstrated skill and experience in shepherding this case through the settlement process"). Recently, class counsel was approved for a rate of $650 per hour in *Orellana v. Pio Pio NYC, Inc.,* et al., Index No. 155941/16 (New York Supreme Court), and for a rate of $800 per hour in *Estrada v. Kingsbridge Marketplace Corp. et al.*, Case No. 17-cv-9890 (S.D.N.Y.) and *Tendilla et al. v. Pearlstone Restaurant, LLC et al.*, Case No. 18-cv-8900 (S.D.N.Y.), **again noting that such fees were based on a percentage of the fund method with a lodestar cross check**. *But see*, *Gonzalez v. Scalinatella, Inc*., No. 13 Civ. 3629, among others, in which the hourly rates of LLG counsel and paralegals were reduced.

**Legal Fees and Expenses**

7. Class Counsel has spent more than 210 attorney and paralegal hours prosecuting this case. Multiplying these hours by the hourly rate of each attorney and paralegal results in a lodestar amount of $118,485.00. The amount of work incurred represents a multiplier of 2.7x the legal fees of $325,000 contemplated under the Settlement Agreement, to be paid from the Settlement Fund. Time records are attached hereto as **Exhibit A**.

8. To date, Class Counsel has incurred actual legal expenses of approximately $4,903.67, which were incidental and necessary to the representation of the Class. These expenses include filing fees. A listing of these expenses is attached hereto as **Exhibit A**.

9. Class Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a positive result. The Settlement Agreement allows Class Counsel to seek reimbursement of $325,000 to cover legal fees, to be paid from the Settlement Fund, and reimbursement to cover existing and future expenses and costs, to be paid from the Settlement Fund.

10. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Class Counsel stood to gain nothing in the event the case was unsuccessful.

**Administration Fees and Expenses**

11. Rust Consulting, Inc. ("Rust") has acted as the Settlement Administrator in this lawsuit and has disseminated Class Notice to Class Members, performed calculations of awards to each Class Member, and maintained correspondences with Class Members. See Affidavit of Abigail Schwartz, attached as **Exhibit B** hereto.

12. As detailed in the Declaration of C. K. Lee, Defendants provided a class list of 341 Class Members. Rust mailed the Court-approved class and collective notices ("Notices") to all 341 Class Members for whom contact details had been provided by Defendants. Forty-six (46) mailed notices were returned as undeliverable, and Rust conducted a skip trace on them in order to locate more current addresses. After diligently pursuing deliverable mailing information, Rust re-mailed notices to forty-two (42) Class Members for whom updated addresses were found, and thirty-eight (38) were successfully delivered. Only eighth (8) notices of the 341 mailed notices remain undeliverable after significant measures were taken to mail it to its designated recipient.

13. The Settlement Agreement provides that administration fees will be paid out of the

Settlement Fund. The parties have agreed to administration fees of $30,000. To date, Defendants have funded the entire Settlement Amount to the escrow account of Rust Consulting, Inc. pursuant to the payment schedule set forth in the Settlement Agreement. *See* Settlement Agreement and Release, ¶3.1(B) [ECF Dkt. #55-1]. On January 9, 2020, the Court approved Rust as the Settlement Administrator. ECF Docket No. 70.

**<u>Service Awards</u>**

14. The Settlement Agreement allows Class Counsel to seek service awards for Named Plaintiffs Andrew Chang and Ryan Santos, as well as a release payment for Named Plaintiff Andrew Chang in the amount of $20,000 for his global release of all claims, to be paid from the Settlement Fund.

15. Named Plaintiffs made important contributions to the prosecution and fair resolution of this action on behalf of the class members. They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties and those of other putative class members, the wages they were paid, the hours that they worked, and other information relevant to the claims. Plaintiff Santos was prepared to be deposed by Defendants and Plaintiff Chang was deposed by Defendants on March 8, 2018. Furthermore, Named Plaintiffs were the sole persons assisting Class Counsel throughout the litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of April, 2020.

New York, New York                           **LEE LITIGATION GROUP, PLLC**

*/s/ C. K. Lee*
C.K. Lee, Esq.
Anne Seelig, Esq.
148 West 24th Street, Eighth Floor
New York, New York 10011
Telephone: (212) 465-1188
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**EXHIBIT 1**

## List of Class Cases

1. Mendez v. Pizza On Stone, LLC et al — 11-cv-06316 — SDNY
2. Khamsiri v. George & Frank's Japanese Noodle Rest Inc. et al — 12-cv-00265 — SDNY
3. Xiong v. XpresSpa JFK Terminal 7, LLC — 09-cv-01730 — EDNY
4. Sanjaya et al v. Inakaya USA, Inc. et al — 12-cv-04500 — SDNY
5. Sierra v. Triple J. Associates of Queens, Inc. et al — 12-cv-04462 — EDNY
6. Flores et al v. KC 53 LLC et al — 12-cv-08095 — SDNY
7. Mosquea v. Oasis Outsourcing II et al. — 12-cv-8099 — SDNY
8. Viafara v. MCIZ Corp. et al — 12-cv-7452 — SDNY
9. Shahriar v. Sukhmani Inc. et al — 13-cv-03823 — SDNY
10. Romero v. La Revise Associates, L.L.C. et al — 12-cv-08324 — SDNY
11. Lin et al v. Benihana National Corp. et al — 10-cv-01335 — SDNY
12. Trinidad v. Pret A Manger (USA) Limited, et al. — 12-cv-6094 — SDNY
13. Bravo v. Established Burger One L.L.C. et al. — 12-cv-9044 — SDNY
14. Sanchez v. JMP Ventures, L.L.C. et al — 13-cv-07264 — SDNY
15. Carillo v. 27-39 East 30th Rest. Corp., et al. — 13-cv-4491 — SDNY
16. Hussein et al. v. J. Caldwell Corp. et al. — 13-cv-2685 — SDNY
17. Ortiz et al v. Chop't Creative Salad Company LLC, et al — 13-cv-0254 — SDNY
18. Guaman v. 5 "M" Corp. et al. — 13-cv-3820 — SDNY
19. Alvarado v. Dublin 6 at 115 Broadway Inc. et al — 14-cv-03939 — SDNY
20. Santana v. Fishlegs LLC et al — 13-cv-01628 — SDNY
21. Mohamed, et al. v. Ess-A-Bagel Inc., et al. — 13-cv-8726 — SDNY
22. Yuzary, et al. v. HSBC Bank USA N.A., et al. — 12-cv-3693 — SDNY
23. Long et al v. HSBC USA Inc. et al — 14-cv-6233 — SDNY
24. Hernandez v. Bare Burger Dio, Inc., et al. — 12-cv-7794 — SDNY
25. Maisanche v. Paola Painting & Renovation LLC, et al. — 511960/2015 — Kings
26. Corte v. Fig & Olive Founders LLC, et al — 14-cv-7186 — SDNY
27. Perez v. Dos Toros, LLC, et al — 14-CV-9183 — SDNY
28. Cabrera v. Glenoak Enterprises LLC, et al — 14-cv-5599 — EDNY
29. Martinez et al v. Blockhead's Burritos — 15-cv-3294 — SDNY
30. Mohamed v. Sophie's Cuban Cuisine Inc., et al. — 14-CV-3099 — SDNY
31. Solorio v. 142 Mercer Street, LLC d/b/a Lure Fishbar, et al. — 15-cv-5817 — SDNY
32. Galvez v. Lucky Pearl, LLC et al — 15-cv-05177 — SDNY
33. Hernandez v. McGee's Bar & Grill, Inc., et al. — 15-cv-06067 — SDNY
34. Gonzalez et al v. Famiglia-Debartolo, LLC et al — 13-cv-08468 — SDNY
35. Asencio v. Arturo's Park Inc., et al. — 15-cv-9186 — SDNY
36. Zamora et al v. One Fifty Fifty Seven Corp. et al — 14-cv-08043 — SDNY
37. Montenegro, et al v. XpresSpa at Term. 4 JFK LLC, et al — 15-cv-3539 — SDNY
38. Riedel v. Acqua Ancien Bath New York LLC d/b/a Aire Ancient Baths, et al. — 14-cv-7238 — SDNY
39. Jin v. Spa Castle, Inc., et al. — 14-CV-5545 — EDNY
40. Barcenas v. Luma Rest, Inc. d/b/a Lusardi's, et al. — 15-CV-10043 — SDNY

| # | Case | Docket | Court |
|---|---|---|---|
| 41. | Dipalma v. New Organico, Inc. | 15-cv-9753 | SDNY |
| 42. | Metodio v. Down and Dirty Tacos & Tequila Bar Meatpacking LLC, et al. | 15-cv-08754 | SDNY |
| 43. | Santiago v. Rivka, Inc. d/b/a Café Mogador, et al. | 15-cv-9184 | SDNY |
| 44. | Mariani, et al. v. OTG Management, Inc., et al. | 16-CV-1751 | EDNY |
| 45. | Bairon Orellana et al - v. - Pio Pio NYC, Inc. et al | 155941/2016 | NY |
| 46. | Ruiz, et al. v. Force Services, LLC, et al. | 16-cv-6729 | SDNY |
| 47. | Salazar, et al. v. Spectrum of Creations, Inc., et al. | 16-CV-0653 | SDNY |
| 48. | Andreescu v. Bravo Brio Restaurant Group, Inc. | 16-CV-6508 | SDNY |
| 49. | Vasquez v. GRK 451 Lexington Ave LLC, et al. | 16-cv-7305 | SDNY |
| 50. | Iturbide v. Cho Familia Dynastia, Inc. d/b/a Flor de Mayo, et al | 17-CV-596 | SDNY |
| 51. | Maisanche v. Paola Painting & Renovation LLC, et al. | 16-cv-7697 | SDNY |
| 52. | Huerta v. West 62 Operating LLC, et al. | 16-CV-3876 | SDNY |
| 53. | Jaigua v. Vordonia Contracting & Supplies Corp., et al. | 16-cv-6538 | EDNY |
| 54. | Gonzalez v. PB Hudson LLC, et al. | 17-CV-2010 | SDNY |
| 55. | Gomez v. Kitchenette 123 Inc., et al. | 16-cv-3302 | SDNY |
| 56. | Lucia Marett v. Palm Restaurant Inc. | 16-CV -9381 | SDNY |
| 57. | Rodriguez v. Park It Management Corp., et al. | 17-CV-4995 | SDNY |
| 58. | Gomez v. Terri Vegetarian LLC d/b/a Terri, et al. | 17-cv-00213 | SDNY |
| 59. | Jara v. Felidia Restaurant, Inc., et al. | 17-CV-9622 | SDNY |
| 60. | Escobar et al v. Pret A Manger (USA) Limited et al | 17-cv-05227 | SDNY |
| 61. | Bravo v. Fourth on Fifth LLC, et al. | 17-cv-7003 | SDNY |
| 62. | Falcon v. Bogopa Service Corp. et al | 17-CV-6230 | SDNY |
| 63. | Garcia Morales v. New Indian Foods, LLC, et al. | 18-cv-3401 | SDNY |
| 64. | Moreno Flores, et al. v.47th St. Food, Inc. d/b/a Blake & Todd, et al. | 18-cv-4281 | SDNY |
| 65. | Monter, et al. v. AP & SS Restaurant Group LLC d/b/a Sea Fire Grill, et al. | 18-CV-1859 | SDNY |
| 66. | Quic v. Dig Inn Restaurant Group, LLC, et al. | 516484/2018 | Kings |
| 67. | Noel Reyes et al. v. 600 west 169th Rest, Inc. et al. | 159303/2016 | NY |
| 68. | Hamann v. Ross Window Corp. et al. | 18-cv-01422 | SDNY |
| 69. | Lin et al. v. Benihana Inc. et al. | 18-cv-11226 | SDNY |
| 70. | Estrada v. Kingsbridge Marketplace Corp. et al. | 17-cv-09890 | SDNY |
| 71. | Tendilla et al. v. Pearlstone Restaurant, LLC et al. | 18-cv-08900 | SDNY |
| 72. | Rodriguez et al v. Castle Check Cashing Corp. et al. | 17-cv-09930 | SDNY |
| 73. | Baten v. Mr. Kabob Restaurant Inc. et al. | 16-cv-9559 | SDNY |