IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW CHANG and RYAN SANTOS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class*,

       Plaintiffs,

v.

PHILIPS BRYANT PARK LLC d/b/a BRYANT PARK HOTEL, PHIL COLUMBO and MICHAEL STRAUSS,

       Defendants.

No. 17-cv-8816

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement totaling $975,000 on January 10, 2019 in a Settlement Agreement and Release and Plaintiffs filed for preliminary approval of the settlement on January 10, 2019, which, for settlement purposes only, Defendants did not oppose. Declaration of C.K. Lee in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 13. The Settlement Agreement and Release was amended by an Addendum (defined below) (Dkt. 89) (Settlement Agreement and Release, together with the Addendum, collectively referred to as "Settlement Agreement").

On January 9, 2020, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC

as Class Counsel, appointing Rust Consulting, Inc. as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").  Docket No. 70.
On April 30, 2020, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval") (Dkt. 74), which for settlement purposes only Defendants did not oppose.  That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") (Dkt. 79) and for Service Awards and Release Payment ("Motion for Service Award") (Dkt. 77).  The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, service payments or release payment.     The Court held a fairness hearing on May 21, 2020.  No Class Member objected to the settlement at the hearing.

On June 5, 2020 the Parties entered into an Addendum to the Settlement Agreement and Release (the "Addendum"), which was filed at Dkt. 89.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the May 21, 2020 fairness hearing, the Addendum, and the complete record in this matter, for the reasons set forth therein and stated on the record at the May 21, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3.  Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4.  Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5.  The Court confirms as final the appointment of Plaintiffs Andrew Chang and Ryan Santos as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.  The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.  On January 15, 2020, more than 90 days prior to the date of this Order, Defendants mailed CAFA notices to the appropriate federal and state officials. This Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d).

8.  The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9.  Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given

the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

14. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $325,000.00, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.  The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $4,903.67, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.  The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable the two service awards for the named plaintiffs Andrew Chang and Ryan Santos each in the amount of $1,000, in recognition of the services they rendered on behalf of the class.  The Court also approves the requested release payment to the named plaintiff Andrew Chang in the amount of $20,000 in return for his General Released Claims, as defined in the Settlement Agreement §1.13. These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $30,000, which shall be paid out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.  Neither party to this Litigation is or shall be considered a prevailing party.

19. The Parties entered into the Settlement Agreement solely for the purpose of

compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class or the Collective, individually or collectively, all such liability being expressly denied by Defendants.

20. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this  5th day of ____June____, 2020.

/s/ Laura Taylor Swain

The Honorable Laura Taylor Swain
United States District Judge